IN THE MATTER OF THE COMPLAINT OF THE CITY OF EAST ORANGE, IN THE COUNTY OF ESSEX, STATE OF NEW JERSEY, FOR REVIEW OF THE ESSEX COUNTY EQUALIZATION TABLE FOR THE YEAR 1961.

THE CITY OF EAST ORANGE, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, APPELLANT, v. ESSEX COUNTY BOARD OF TAXATION, *ET AL.*, RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued January 15, 1962—Decided February 6, 1962.

Before Judges CONFORD, GAULKIN and KILKENNY.

*Mr. William L. Brach* argued the cause for appellant (*Mr. Jack Okin,* on the brief).

*Mr. Alan B. Handler,* Deputy Attorney General, argued the cause for respondent Essex County Board of Taxation (*Mr. David D. Furman,* Attorney General of New Jersey, attorney).

The opinion of the court was delivered by

CONFORD, S. J. A. D.   East Orange appeals the dismissal by the Division of Tax Appeals of its appeal thereto from the action of the Essex County Board of Taxation on the city's complaint against the equalization table fixed by the county board for the year 1961.   The county board used the ratios of assessed to true value developed by the Director of the Division of Taxation for school aid purposes

by means of the sales-ratio technique approved in many cases, most recently in *Town of Kearny v. Div. of Tax Appeals,* 35 *N. J.* 299 (1961). That case and cases cited therein are explicative of the Director's method and of the extent of permissible reliance thereon by county boards of taxation in fixing equalization ratios for purposes of distribution of the cost of county government among constituent municipalities. *N. J. S. A.* 54:3–17.

Before the county board the city complained of the inclusion of 25 sales of East Orange properties asserted to be improper. That body acceded in respect of ten of the sales, thereby increasing the East Orange ratio from 44.32% to 44.58%, with resulting decrease of aggregate true value of ratables and of the city's contribution to the cost of county government. But the Division of Tax Appeals refused to eliminate any of the other sales objected to, finding the city's position to be without merit.

With respect to five of the 15 sales still contested, the basis of the objection by the city is that in the process of determining the merits of appeals for reduction of assessments by individual taxpayers the county board arrived at valuation judgments reflecting conclusions of true value in amounts less than the prices paid in the sales transactions under attack. In no other respect does the city contend that the sales are not *prima facie* "usable" sales between willing but uncoerced sellers and willing but uncoerced purchasers. The argument is that since the county board by its judgments in the particular tax appeal proceedings had determined that the sales prices "did not reflect the true value of the property," the sales should, in the equalization process, have been eliminated in determining the sales ratios for the respective categories of property involved (see *City of Bayonne v. Division of Tax Appeals,* 49 *N. J. Super.* 230, 234–235 (*App. Div.* 1958)); or, better yet, that the board should have substituted the true valuations determined by it in the tax appeals for the sales prices in arriving at the said ratios.

We agree with the Division of Tax Appeals in rejecting the contention. The fact that the county board did not arrive at valuations in the tax appeal cases identical with the sales prices does not indicate that the sales are not useful and valid for purposes of the sales ratio technique. A specific sale of a parcel of property is only a rough indicator of the hypothetical true value of the property, exerting in different circumstances varying degrees of probative weight. In deciding the true value of a property for purposes of an appeal by a property owner a tax board may and often should consider other valuation factors, notwithstanding the availability of a sale of the subject property. That its final determination of true value differs from the sales price does not indicate that the board did not give the sale consideration and weight in arriving at its determination, but merely that it did not accept the sale price as conclusive of true value. But in a sales-ratio study the objective of reliability is accomplished by including as many sales as possible free from any recognized flaw in the willing buyer-willing seller aspect of the transaction, since the greater the number of so-called usable sales employed, the greater the likelihood of mutual cancelling out of "high" and "low" sales and the smaller the likelihood of distortion of the resulting average ratios. *Cf. Town of Kearny v. Div. of Tax Appeals, supra* (35 *N. J.,* at *p.* 314). Moreover, we have examined the differentials between the adjudications by the county board in the appeal cases and the respective sales prices and do not in any case find such gross disparity as might have warranted the board in rejecting the sale as unreliable for purposes of the sales-ratio method.

The other sales argued by the city not to be proper for inclusion in the equalization procedure are primarily of properties which were old dwellings when sold and are contended by the city to have been purchased for purposes of apartment house or commercial construction. The argument is that (1) the buyers paid excessive prices under

economic compulsion and (2) the Director's Category No. 24 of non-usable sales applies in that the value of the properties sold had "been materially influenced by zoning changes where the latter are not reflected in current assessments."

With respect to the argument of economic compulsion on the part of the buyers, it suffices to say that there was no evidence thereof whatsoever adduced before either of the tax tribunals. The argument rests upon nothing more than surmise.

As to the asserted applicability of Category No. 24, there are several shortcomings in the argument advanced. It is not demonstrated as to any particular property sold whether and when a zoning change occurred, or as to the nature of the change. It follows that it has not been shown as to any particular sale that the value of the property sold has been influenced by a zoning change, or that if there were any such influences they had not been reflected in current assessments. In the latter regard it is particularly noteworthy that the current assessments do reflect a comprehensive revaluation of all property in the city made by an outside appraisal concern. This was put into effect beginning with the assessments for the year 1959. In the absence of any evidence to the contrary, it must be assumed that the reappraisals and consequent reassessments did reflect all relevant valuation factors including the influence, if any, of zoning changes.

One sale is argued to have been made in fact to a church, although title was taken in the name of an individual. The Director's Category No. 17 of non-usable sales includes sales to religious organizations. The proof as to this offered before the Division of Tax Appeals failed to persuade it that the assertion of fact was substantiated. We agree.

On the whole case, the presumption of validity of the county board's action, *Town of Kearny v. Div. of Tax Appeals, supra* (35 *N. J.*, at *p.* 305), was not overcome by the proofs before the Division of Tax Appeals.

Affirmed.